[Cite as *State v. Nickelson*, 2011-Ohio-1352.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                     :       Case No.   10CA21

    vs.                                          :

LESHAWN R. NICKELSON,                    :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                  :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        LeShawn R. Nickelson, #598-117, C.C.I., P.O. Box 5500,
Chillicothe, Ohio 45601, Pro Se

COUNSEL FOR APPELLEE:         J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
and Brigham M. Anderson, Lawrence County Assistant
Prosecuting Attorney, Lawrence County Courthouse,
Ironton, Ohio 45638

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-17-11

ABELE, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court judgment that

denied a motion filed by LeShawn R. Nickelson, defendant below and appellant herein, to

withdraw his guilty plea.

{¶ 2}   Appellant assigns the following error for review:

"IT IS UNREASONABLE UNDER BOTH THE U.S. AND OHIO
CONSTITUTIONS WHEN THE TRIAL COURT ERROR [sic] AND
ABUSE [sic] ITS [sic] DISCRETION BY DENYING MR.

NICKELSON'S POST SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEAS PURSUANT TO [CRIM.R.] 32.1 WITHOUT AN EVIDENTIARY HEARING, WHEN A MANIFEST INJUSTICE IS ESTABLISHED."

{¶ 3} On August 24, 2005, the Lawrence County Grand Jury returned an indictment charging appellant with nine counts of drug trafficking and one count of possession of criminal tools. He initially pled not guilty, but later agreed with the prosecution to plead guilty to two counts in exchange for the dismissal of the remaining eight counts. On October 25, 2005, after the trial court reviewed with appellant his various constitutional rights, the court accepted his guilty pleas. The court then scheduled a November 9, 2005 sentencing hearing. Appellant, however, did not appear for sentencing.

{¶ 4} Several years later, authorities apprehended appellant. On January 28, 2009, appellant filed a pro se motion and requested to withdraw his guilty pleas from three years earlier. At the February 2, 2009 sentencing hearing, the trial court overruled appellant's motion and then sentenced appellant to serve seven years imprisonment on one count, eight years on the other count, and ordered the sentences to be served consecutively. We affirmed that conviction. See State v. Nickelson, Lawrence App. No. 09CA8, 2009-Ohio-7006 (Nickelson I). Appellant's attempts to appeal to the Ohio Supreme Court were rebuffed. See e.g. State v. Nickelson, 124 Ohio St.3d 1523, 923 N.E.2d 622, 2010-Ohio-1075; State v. Nickelson, 126 Ohio St.3d 1515, 930 N.E.2d 333, 2010- Ohio-3331.

{¶ 5} Appellant commenced the instant proceedings on April 7, 2010 with another motion to withdraw his 2005 guilty plea. The trial court summarily denied his motion. This appeal followed.

{¶ 6}   Appellant asserts in his assignment of error that the trial court erred by denying his post-sentence motion to withdraw his guilty plea.   We disagree with appellant.

{¶ 7}   Our analysis begins with the proposition that the decision whether to grant a Crim.R. 32.1 motion to withdraw a plea lies in a trial court's sound discretion and should not be reversed absent an abuse of that discretion.   State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus; State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.   It is generally recognized that an abuse of discretion is more than an error of law or judgment; rather, it implies a court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898.   When reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.   Moreover, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias. Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181, ¶13; Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

{¶ 8}   In Jackson v. Friley, Jackson App. No. 07CA1, 2007-Ohio- 6755, at ¶17, we wrote:

> "'Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due

process that the defendant raised or could have raised at trial or on appeal.' 'More specifically, <u>a criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal.</u>' * * * '<u>This doctrine has been extended to Crim.R. 32.1 motions</u>.'" (Emphasis added and internal citations omitted.)

{¶ 9}   In the case sub judice, appellant filed a motion to withdraw his guilty plea before he was sentenced.   The trial court denied his motion and we addressed the issue in <u>Nickelson I</u>, supra at ¶¶ 13-26.   Although it is not entirely clear that anything new appears in appellant's most recent post-sentence motion, it does appear that everything in that motion that could have been raised and argued in <u>Nickelson I</u>.[1]

{¶ 10}   Therefore, we conclude that (1) appellant's arguments are barred by the doctrine of res judicata; and (2) the trial court committed no error when it overruled appellant's motion to withdraw his guilty pleas.

{¶ 11}   Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.
JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is

---

[1] Although not a model of clarity, appellant's pro se motion to withdraw his guilty plea appears to be based on several claims that he was denied the effective assistance of trial counsel.    This general issue was also raised on direct appeal.   See <u>Nickelson I</u>, at ¶¶5-8.

continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.