**[Cite as *State v. Current*, 2012-Ohio-1851.]**

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO :

Plaintiff-Appellee : C.A. CASE NO. 2010 CA 31

v. : T.C. NO. 09CR229

TERRY L. CURRENT : (Criminal appeal from Common Pleas Court)

Defendant-Appellant :

:

. . . . . . . . . .

**OPINION**

Rendered on the 27th day of April, 2012.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P. O. Box 341021, Beavercreek, Ohio 45434
Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Terry L. Current appeals from the decision of the Champagin County Court of Common Pleas, denying his motion to withdraw his guilty

pleas. No hearing was conducted on said motion, and the trial court issued its written decision denying the motion on Sep. 16, 2010. Current filed a timely notice of appeal of the trial court's decision on Oct. 18, 2010.

## I. Course of Proceedings

**{¶ 2}** On Aug. 5, 2009, a Champaign County Grand Jury indicted Current for one count of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3)(B). They also indicted him for two counts of receiving stolen property in violation of R.C. 2913.51(A)(C). In another matter, Current was indicted by a Champaign County Grand Jury for eleven counts, including complicity to breaking and entering, a felony of the fifth degree, in violation of R.C. 2923.03(A)(2) and R.C. 2911.13(A)(C). On Dec. 7, 2009, Current pled guilty to having weapons while under disability and complicity to breaking and entering. In exchange for his pleas, the State dismissed the two counts of receiving stolen property from his first case and the remaining ten counts from his second case. On January 14, 2010 the court sentenced Current to four years for having weapons while under disability and twelve months for complicity to breaking and entering, to be served concurrently. On Aug. 16, 2010, Current filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In a decision dated Sep. 16, 2010, the trial court overruled Current's motion.

**{¶ 3}** It is from this judgment that Current now appeals.

**{¶ 4}** Current's sole assignment of error is as follows:

**{¶ 5}** "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS PLEA WITHOUT A HEARING."

**{¶ 6}** In his sole assignment of error, Current contends that the trial court erred when it denied his motion to withdraw a plea without a hearing because the State failed to uphold its promise of a one-year sentence in exchange for his testimony against his co-defendant. He asserts that the State violated this agreement when it failed to recommend a one-year sentence at the sentencing hearing, and when the State failed to correctly set forth the plea agreement in the plea form or at the plea hearing.

**{¶ 7}** _A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea._ Crim.R. 32.1. After sentencing, a motion to withdraw a guilty plea is permitted _only in extraordinary cases.” *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). _A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her._ *State. v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). _Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief.” *Id*. However, “the availability of R.C. 2953.21 relief on those same grounds removes them from the form of extraordinary circumstances demonstrating a manifest injustice which is required for Crim.R. 32.1 relief._ *Id.*

**{¶ 8}** _[A]n evidentiary hearing is not required on every post-sentence motion to

withdraw a plea._ *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574. _The movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion._ *Id.*

**{¶ 9}** _[D]efendant's self-serving declarations or affidavits are insufficient to rebut the record on review which shows that his plea was voluntary._ *State v. Plemons*, 2d Dist. Montgomery No. 21039, 2006-Ohio-1608, ¶15. The _good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved_ by the trial court. *Smith* at 261. "We will not reverse a denial of a motion to withdraw a guilty plea absent an abuse of discretion." *State v. Youngblood*, 2d Dist. Montgomery No. 21078, 2006-Ohio-4390, ¶9.

**{¶ 10}** As the Supreme Court of Ohio has determined:

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
>
> A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 11}** Upon review, we conclude that the trial court did not abuse its discretion when it denied Current's motion to withdraw a guilty plea. Current's motion and supporting affidavits did not demonstrate a reasonable likelihood that the withdrawal of his plea was necessary to correct a manifest injustice. The transcript of the plea hearing establishes that the State of Ohio did not agree to recommend a one year sentence in exchange for truthful testimony against the co-defendant, Carl Simon. The sum total of the plea agreement was, "State agrees to ask for dismissal of Counts 2 and 3 in Case No. 2009 CR 194 and Counts 1, 2, and 4-11 in Case No. 2009 CR 229. State agrees to recommend pre-sentence investigation report and will agree to review said report, if ordered, prior to making any additional sentencing recommendation."

**{¶ 12}** Moreover, after Current's plea agreement was read by the prosecutor at his plea hearing, the following exchange indicates that Current was prepared to accept the plea agreement as stated on the plea form with no other expectations:

**{¶ 13}** "* * *

**{¶ 14}** "THE COURT: Has anybody made any threats against you to get you to plea guilty except the threat of having to go to trial?

**{¶ 15}** "THE DEFENDANT: No, sir.

**{¶ 16}** "THE COURT: Has anybody made any promises to you to get you to plead guilty other than the promises that you heard the Prosecution mention here today?

**{¶ 17}** "THE DEFENDANT: No, sir."

Furthermore, as the trial court noted, Current's signature as well as his attorney's signature appear on the Plea of Guilty Agreement.

In sum, the record reveals that Current's plea was made voluntarily, and his self-serving affidavits are insufficient to rebut the record of proceedings. Accordingly, we find that the trial court did not abuse its discretion when it denied Current's motion to withdraw a plea without the benefit of a hearing.

**{¶ 18}** Current's sole assignment of error is overruled.

## III. Conclusion

**{¶ 19}** Current's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio
Robert Alan Brenner
Hon. Roger B. Wilson