[Cite as *State v. Ables*, 2012-Ohio-3377.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No: 11CA22 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| JEFFREY A. ABLES, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | Filed: July 24, 2012 |

APPEARANCES:

Jeffrey A. Ables, Petersburg, Virginia, pro se, Appellant.

Gary D. Kenworthy, Circleville City Law Director, and Jeffrey A. Catri, Circleville City Assistant Law Director, Circleville, Ohio, for Appellee.

Kline, J.:

**{¶1}** Jeffrey A. Ables (hereinafter "Ables") appeals the judgment of the Circleville Municipal Court. Ables contends that the trial court erred by not granting his postsentence Crim.R. 32.1 motion, but we disagree for the following reasons. First, a Crim.R. 32.1 motion is not the appropriate vehicle for Ables's ineffective-assistance-of-counsel claim. And second, the doctrine of res judicata bars Ables's remaining Crim.R. 32.1 arguments. As a result, the trial court did not abuse its discretion by denying Ables's Crim.R. 32.1 motion, and we affirm the judgment of the trial court.

I.

{¶2}   On October 6, 2009, Ables pled guilty to three counts of passing bad checks, all first-degree misdemeanors.  The trial court then sentenced Ables accordingly.

{¶3}   In May 2011, Ables requested copies of the bad checks from the Clerk of Courts for Circleville Municipal Court.  The clerk of courts responded that "[t]here are no copies of any checks within [Ables's] case file."

{¶4}   On October 17, 2011, Ables filed his Crim.R. 32.1 motion.  Ables essentially argued (1) that he was innocent of passing bad checks and (2) that he received ineffective assistance of counsel.  To demonstrate his innocence, Ables produced the following exhibits: (1) a copy of the plea agreement, (2) articles of organization for Ables's business, (3) a copy of the police incident report, and (4) a witness statement from the victim.  And to demonstrate ineffective assistance of counsel, Ables swore to an affidavit that outlines his trial counsel's alleged misdeeds.

{¶5}   On October 27, 2011, the trial court denied Ables's Crim.R. 32.1 motion.

{¶6}   Ables appeals the trial court's decision, but he has not asserted any assignments of error.  Instead, Ables's appellate brief contains the following "STATEMENT OF ISSUES": I. "The checks written to Lee Holt Enterprises Inc. were drawn on a corporate account registered in the State of Ohio."  II. "Corporate veil was never pierced by the prosecution."  III. "The alleged checks were never presented to the corporation's bank for consideration of cashing purposes."  IV. "The corporation's account possessed enough funds to cash the checks written to Lee Holt Enterprises Inc."  V. "There was never any signing of the plea agreement."  VI. "This transaction took place in Fairfield County, Ohio, not Pickaway County, Ohio, therefore venue would

be placed in Fairfield County." VII. "Counsel Robert Fais was ineffective for not challenging the above issues." VIII. "Counsel Robert Fais would not recuse himself after finding out that there would be a conflict of interest between him and the defendant's secretary." IX. "The defendant's plea and admission resulted from confusion and lack of legal advice from his counsel Robert Fais." X. "The defendant inquired about the discovery and was told by the Clerk of Court's [sic] in Pickaway County that there is [sic] no checks in the file." And XI. "The Affidavit of the defendant shows that he was deliberately misled by counsel Robert Fais."

**{¶7}** Based on Ables's Statement of Issues, we will infer the following assignment of error: "The trial court erred when it denied Ables's postsentence Crim.R. 32.1 motion."

II.

**{¶8}** In his sole assignment of error, Ables contends that the trial court erred when it denied his motion to withdraw his guilty pleas.

**{¶9}** "[T]he decision whether to grant a Crim.R. 32.1 motion to withdraw a plea lies in a trial court's sound discretion and should not be reversed absent an abuse of that discretion." *State v. Nickelson*, 4th Dist. No. 10CA21, 2011-Ohio-1352, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus. An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶10}** Ables filed his Crim.R. 32.1 motion more than two years after he was sentenced. And significantly, "Crim.R. 32.1 requires a defendant making a

postsentence motion to withdraw a plea to demonstrate manifest injustice because it is designed 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 9, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).  "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her."  *State v. Current*, 2d Dist. No. 2010 CA 31, 2012-Ohio-1851, ¶ 7.

A.

**{¶11}**  As an initial matter, we find that Crim.R. 32.1 is the improper vehicle for Ables's ineffective-assistance-of-counsel claim.  This is so because Ables's ineffective-assistance-of-counsel claim relies upon matters outside the record.

> Matters outside the record that allegedly corrupted the
> defendant's choice to enter a plea of guilty or no contest so
> as to render the plea less than knowing and voluntary are
> proper grounds for an R.C. 2953.21 petition for post-
> conviction relief.  In 1996, the General Assembly limited the
> number of such petitions to but one, which must be filed
> within 180 days after the time for appeal has expired, absent
> certain narrow showings that R.C. 2953.23(A) requires.
> Since then, grounds formerly presented in support of
> petitions for post-conviction relief are now more frequently

employed to support Crim.R. 32.1 motions, which are not subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief on those same grounds removes them from the form of extraordinary circumstance demonstrating a manifest injustice which is required for Crim.R. 32.1 relief. *State v. Moore*, 2d Dist. C.A. No. 24378, 2011-Ohio-4546, ¶ 14, quoting *State v. Hartzell*, 2d Dist. No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999).

**{¶12}** Ables's ineffective-assistance-of-counsel claim relies upon the matters discussed in his affidavit. For example, Able says that his attorney (1) made various misrepresentations and (2) had a conflict of interest. These matters, however, are not in the record from the original proceeding. Therefore, Ables's ineffective-assistance-of-counsel claim relies upon evidence outside the record, and a petition for post-conviction relief would have been the proper vehicle for Ables to raise this argument. *See State v. Whitaker*, 4th Dist. No. 10CA3349, 2011-Ohio-6923, ¶ 11.

**{¶13}** Accordingly, to the extent that Ables claims ineffective assistance of counsel, a Crim.R. 32.1 motion is not the proper vehicle for relief.

B.

**{¶14}** Next, we find that res judicata bars Ables's remaining Crim.R. 32.1 arguments. "[T]he doctrine of res judicata bars a defendant from raising any issue in a post-sentence Crim.R. 32.1 motion to withdraw guilty plea that could have been raised, but was not, on direct appeal." *State v. LaPlante*, 4th Dist. No. 11CA3215, 2011-Ohio-6675, ¶ 8. Here, Ables essentially claims that "new evidence" demonstrates his

innocence. But all of this supposedly new evidence was available to Ables in October 2009. As a result, Ables could have made all of his Crim.R. 32.1 arguments on direct appeal. (Ables complains that, in May 2011, the Clerk of Courts did not produce the relevant bad checks. But this fact does not affect our res-judicata analysis. There is no evidence that the checks were unavailable to Ables during the original proceedings, and he could have made any check-related arguments on direct appeal.)

C.

**{¶15}** In conclusion, we find the following: (1) Crim.R. 32.1 relief is not the appropriate vehicle for Ables's ineffective-assistance-of-counsel claim, and (2) the doctrine of res judicata bars Ables's remaining Crim.R. 32.1 arguments. Accordingly, the trial court did not abuse its discretion, and we affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
       Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**