[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nickelson v. Bowling,* Slip Opinion No. 2014-Ohio-2124.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2124

THE STATE EX REL. NICKELSON, APPELLANT, *v.* BOWLING, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Nickelson v. Bowling,* Slip Opinion No. 2014-Ohio-2124.]

*Mandamus to withdraw guilty plea—Adequate remedy in ordinary course of law—Dismissal of petition affirmed.*

(No. 2013-1403—Submitted May 14, 2014—Decided May 29, 2014.)

APPEAL from the Court of Appeals for Lawrence County, No. 13CA4.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment dismissing the petition of appellant, LeShawn Nickelson, for a writ of mandamus to compel appellee, Judge Scott Bowling of the Court of Common Pleas of Lawrence County, to conduct a hearing on a presentence motion to withdraw his guilty plea. Because he has, and has used, an adequate remedy in the ordinary course of law by way of appeal, and because the court denied his motion on the same issue at least twice, we affirm.

**Facts**

{¶ 2} In 2005, Nickelson was indicted on ten counts. He initially pled not guilty but later agreed to plead guilty to two counts in exchange for dismissal of the remaining counts. The court approved the pleas.

{¶ 3} Nickelson filed a pro se motion requesting to withdraw his guilty pleas. The trial court held a hearing on his motion, overruled it, and sentenced him. The Fourth District Court of Appeals affirmed, and this court declined to accept his appeals. *State v. Nickelson,* 4th Dist. Lawrence No. 09CA8, 2009-Ohio-7006; *appeals not accepted*, 124 Ohio St.3d 1523, 2010-Ohio-1075, 923 N.E.2d 622; 126 Ohio St.3d 1515, 2010-Ohio-3331, 930 N.E.2d 333.

{¶ 4} In his appeal, Nickelson raised several assignments of error related to the denial of his motion to withdraw the guilty plea, and the court of appeals found that the trial court had held a hearing sufficient to determine whether there was a reasonable basis for withdrawal of the plea and that the trial court did not abuse its discretion in denying the motion. *Id.*, ¶ 13-26. Nickelson filed a second motion to withdraw his plea, which was summarily denied by the trial court, and the court of appeals again affirmed. *State v. Nickelson,* 4th Dist. No. 10CA21, 2011-Ohio-1352.

{¶ 5} Nickelson then filed this action in mandamus seeking an order to compel the trial court to conduct a hearing on his presentence motion to withdraw his guilty plea. The court of appeals granted Judge Bowling's motion to dismiss, and Nickelson appealed.

**Analysis**

{¶ 6} We affirm the court of appeals' decision dismissing Nickelson's petition. To get a writ of mandamus, Nickelson must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Bowling to grant it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 7} Nickelson has already twice moved for a hearing regarding withdrawal of his plea and has twice appealed the result. Appeal is generally considered an adequate remedy sufficient to preclude a writ. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Nickelson had and exercised an adequate remedy in the ordinary course of the law by way of his motions and the appeal of the denial of those motions. He therefore is not entitled to a writ.

{¶ 8} Because the court of appeals was correct in granting the motion to dismiss, we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

LeShawn Nickelson, pro se.

————————————