[Cite as *State v. Swift*, 2015-Ohio-4773.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-G-3245** |
| THOMAS A. SWIFT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 92 C 000121.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Christopher J. Joyce*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Andrea L. Reino*, The Law Offices of Andrea L. Reino, 602 Main Street, Suite 1005, Cincinnati, OH 45202 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Thomas A. Swift, seeks reversal of the trial court's final decision denying his motion to withdraw his guilty plea under Crim.R. 32.1. Essentially, he states that the trial court erred in not addressing the substance of his motion. For the following reasons, the record supports the trial court's ruling.

{¶2} In December 1991, appellant was charged with one count of rape under a

bill of information. The charge stemmed from allegations made by his natural daughter. Pursuant to a plea bargain, he agreed to plead guilty to the sole charge. After accepting the plea, the trial court imposed an indefinite prison term of eight to twenty-five years.

{¶3} Appellant immediately appealed the rape conviction to this court. In *State v. Swift*, 86 Ohio App.3d 407, 621 N.E.2d 513 (1993), we reversed the conviction on the grounds that the transcript of the plea hearing failed to show that appellant understood the nature of the charged offense.

{¶4} Upon remand, the case against appellant was presented to the grand jury for the first time, and a five-hundred count indictment was returned in August 1993. In addition to charging appellant with the offense of rape, each count contained a separate allegation that the offense occurred when the victim was below the age of thirteen. The inclusion of that allegation created the possibility that appellant could be sentenced to multiple life sentences.

{¶5} The five-hundred count indictment was consolidated with the single count in the bill of information. Once again, a plea bargain was negotiated. In consideration for appellant's agreement to plead guilty to all pending counts, the state agreed to not proceed on the age allegations in the indictment. The state also agreed to recommend the imposition of an indefinite term of eight to twenty-five years on all counts.

{¶6} This time, after accepting appellant's guilty plea, the trial court sentenced him to five hundred indefinite terms of eight to twenty-five years with counts one and two to be served consecutively and counts three through five hundred to be served concurrently with count two. Appellant again filed an immediate direct appeal of his conviction. In *State v. Swift*, 11th Dist. Geauga No. 94-G-1838, 1995 Ohio App. LEXIS

5024 (Nov. 9, 1995), we upheld his conviction and sentence in all respects. As part of our analysis under the second assignment, this court expressly held that appellant's second guilty plea was made voluntarily. *Id.* at *12.

{¶7} Nearly nineteen years later, appellant moved the trial court to withdraw his second guilty plea under Crim.R. 32.1. In arguing that the plea was not made knowingly or voluntarily, appellant asserted: (1) he was never expressly told whether he was pleading guilty to rape or sexual battery; (2) he was not given a proper explanation as to the maximum sentence he could receive; (3) his trial counsel did not negotiate a "good" plea agreement; and (4) his trial counsel told him that he would be paroled after serving fifteen years. In support of these assertions, appellant only attached his own affidavit to the motion.

{¶8} After the state filed its brief in opposition, the trial court issued its judgment denying appellant's motion. In addition to holding that it lacked the jurisdiction to rule on the merits of the motion, the court concluded that his arguments were barred under the doctrine of res judicata.

{¶9} In appealing this decision, appellant asserts two assignments of error for review:

{¶10} "[1.] The trial court erred by holding that Defendant-Appellant's motion was barred by res judicata. A motion to withdraw a guilty plea may be brought at any time after a plea is entered in extraordinary cases, to correct a manifest injustice or an openly unjust act.

{¶11} "[2.] The trial court committed prejudicial error by denying Defendant-Appellant's motion to withdraw his guilty plea where performance of trial counsel was so

3

ineffective it prejudiced Defendant-Appellant, violating his constitutional rights to due process of law."

{¶12} In raising these assignments, appellant has not attempted to challenge the jurisdictional basis of the trial court's ruling. Furthermore, although his first assignment contains a reference to the res judicata grounds for the decision, he has not attempted to address this court's prior precedent on that point.

{¶13} Upon considering the nature of the arguments raised in appellant's motion to withdraw, this court concludes that it is unnecessary to review whether the trial court lacked the authority to consider the merits of the motion. This is because his arguments either were barred by res judicata or could only be raised in a petition for postconviction relief. Accordingly, the trial court did not err in denying the motion to withdraw without addressing its merits.

{¶14} "Moreover, 'the doctrine of res judicata applies to motions to withdraw guilty pleas pursuant to Crim.R. 32.1' *State v. Cale* (Mar. 23, 2001), 11th Dist. No. 2001-L-034, 2001 Ohio App. LEXIS 1385, at *9; * * *. Thus, 'when presented with a motion to withdraw a guilty plea ***, (appellate courts) should consider first whether the claims raised in that motion are barred by res judicata.' *State v. Reynolds*, 3rd Dist. No. 12-01-11, 2002-Ohio-2823, at ¶27. 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment or conviction, *or on an appeal from that judgment*.' *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104,

4

paragraph nine of the syllabus (emphasis sic)." *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-Ohio-1441, ¶24.

{¶15} In the first two arguments in his motion to withdraw, appellant maintained that, he was unaware of the exact nature of the charges against him and the maximum sentence that could be imposed at the time he entered his second guilty plea. Clearly, the merits of these arguments could have been properly considered in his direct appeal of the conviction, through a review of the plea hearing transcript. Thus, the arguments were barred under the doctrine of res judicata.

{¶16} Under his remaining two arguments, appellant claimed that he was denied effective assistance of trial counsel, based upon statements made by, and actions taken by, his counsel in connection to his second guilty plea. These arguments were clearly predicated upon an alleged event that did not occur on the record in the underlying cases. As a result, they cannot be raised as possible grounds for a motion to withdraw a guilty plea.

{¶17} "Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief. In 1996, the General Assembly limited the number of such petitions to but one, which must be filed within 180 days after the time for appeal has expired, absent certain narrow showings that R.C. 2953.23(A) requires. Since then, grounds formerly presented in support of petitions for post-conviction relief are now more frequently employed to support Crim.R. 32.1 motions, which are subject to similar limitations. Nevertheless, the availability of R.C. 2953.21 relief on those same grounds removes them from the form

of extraordinary circumstance demonstrating a manifest injustice which is required for Crim.R. 32.1 relief." *State v. Wheeler*, 2nd Dist. Montgomery No. 18717, 2002 Ohio App. LEXIS 207, *4-5.

{¶18} *See, also, State v. Banks*, 2nd Dist. Montgomery No. 25188, 2013-Ohio-2116; *State v. Ables*, 4th Dist. Pickaway No. 11CA22, 2012-Ohio-3377.

{¶19} In this case, appellant's motion to withdraw was filed more than eighteen years after the release of our 1996 opinion upholding his conviction. Moreover, his motion did not contain any allegations that would satisfy any of the statutory exceptions to the 180-day limit for submitting a petition for post-conviction relief. Therefore, even if his motion had been captioned as a post-conviction petition, his two "ineffective assistance" arguments were not properly before the trial court for determination.

{¶20} Although the trial court did not note the distinction between the two types of arguments raised in appellant's motion to withdraw, it was still correct in determining that all four arguments were barred from consideration. As appellant has failed to show any flaw in that determination, both of his assignments of error lack merit.

{¶21} The judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.