[Cite as *State v. Williamson*, 2020-Ohio-3300.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28352 & 28641 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3775 |
| | : | |
| HARRISON D. WILLIAMSON, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of June, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
 Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 West Second Street, Suite 830, Dayton, Ohio 45402
 Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Harrison D. Williamson, Jr., appeals from the trial court's judgment denying of his post-sentence motion to withdraw his guilty plea, which was submitted without evidentiary support. He contends that the court should have held a hearing before denying his motion. We disagree. A hearing was unnecessary, because Williamson's factual statements, together with the record, failed to establish a reasonable likelihood that withdrawal of his plea was necessary to correct a manifest injustice.   We affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Williamson was indicted in November 2018 for possession of less than five grams of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony. He pleaded guilty in February 2019 without a plea agreement, and on March 20, 2019, he was sentenced to 11 months in prison.   At the end of the sentencing hearing, after the court announced the sentence and ordered Williamson to be remanded to the custody of the sheriff to serve the sentence, his counsel stated, "Mr. Williamson is telling me he intends to withdraw his plea." (Tr. 10). The trial court indicated that he could file a motion to that effect.

{¶ 3} On April 8, 2019 Williamson filed, pro se, a one-page document titled "Notice of Appeal," which initiated this appeal and also contained a caption as a "Motion to Withdraw Guilty Plea."   In the body of this unsigned filing, he asked "to withdraw a guilty plea only made under the presumptions that Community Control would be granted." He also contended that his sentence was the product of racial bias. On April 16, his attorney filed a motion to withdraw his plea. That filing stated that the reason to withdraw the plea

was that "it was not knowingly and voluntarily entered," without further elaboration and also without any evidentiary support. The motion did request a hearing on the matter, but counsel also requested the court to appoint other counsel because "present counsel would have a conflict of interest."

{¶ 4} We docketed Williamson's appeal based on the April 8 notice of appeal. In July 2019, his appointed appellate attorney filed a motion to dismiss the appeal and to remand the case back to the trial court to allow the trial court to consider the April 16 plea-withdrawal motion. We overruled the motion to dismiss but sustained the motion to remand for the limited purpose of the trial court's ruling on the pending motion.

{¶ 5} On October 9, 2019, the trial court overruled Williamson's motion to withdraw his guilty plea without a hearing. The court explained in its written decision that Williamson had not alleged any facts that, if true, would require the withdrawal of his plea and that he had not established a manifest injustice. The court noted that at the plea hearing, it advised Williamson that if he pleaded guilty, he could be sentenced to prison, and that Williamson said he understood this.   The Court stated: "In sum, it appears to the Court that Defendant assumed he would be given probation and, when that did not happen, he had a change of heart, which is an insufficient basis for withdrawal of his plea."

{¶ 6} On October 22, 2019, we restored Williamson's first appeal to our active docket.   On December 18, Williamson, with leave, filed a second, delayed appeal from the trial court's order overruling his motion to withdraw. We consolidated Williamson's two

appeals, and they are now before us.[1]

## II. Analysis

{¶ 7} Williamson assigns one error to the trial court:

The Trial Court abused its discretion when it did not hold an evidentiary hearing on the Motion to Withdraw plea.

{¶ 8} A post-sentence motion to withdraw a guilty plea is "subject to the standards of Crim.R. 32.1, which requires that after sentencing has occurred, a defendant must demonstrate 'manifest injustice' before a trial court should permit withdrawal of the plea." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 26. Accordingly, "the withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases." *State v. Hall*, 2d Dist. Greene No. 2011-CA-32, 2012-Ohio-2539, ¶ 11, citing *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). Consideration of "[t]he motion is 'addressed to the sound discretion' of the trial court." *State v. Harris,* 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *Smith* at paragraph two of the syllabus. An appellate court reviews the trial court's decision only for abuse of discretion. *Id.*, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 9} "An evidentiary hearing is not required on every post-sentence motion to withdraw a plea. The movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion." (Citation omitted.) *State v. Current*, 2d Dist. Champaign No. 2010-CA-31,

---

[1] We note that Williamson has completed his prison sentence but the Ohio Department of Rehabilitation and Correction website indicates he is presently on three years of post-release control. Accordingly we conclude his appeal is not moot. *State v. Scott*, 2d Dist. Montgomery No. 28039, 2019-Ohio-400, ¶ 14.

2012-Ohio-1851, ¶ 8; *see also Hall* at ¶ 12 ("The trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a plea."). "A hearing is required only if the facts alleged by the defendant, if accepted as true, would require the plea to be withdrawn." *State v. McComb,* 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 19.

{¶ 10} The trial court acknowledged that Williamson had requested an evidentiary hearing but concluded that it was not required to hold one. The court said that Williamson had not alleged any facts that, if true, would require the withdrawal of his plea. Rather, he merely alleged that "his plea was not knowingly or voluntarily given and admits that he had a change of heart after learning what his sentence would be." Citing the plea hearing, the court stated, "[I]t is clear to the Court that, irrespective of the promises Defendant claims his attorney and the prosecutor made to him regarding his sentence, the Court advised Defendant that he could be sentenced to a term of six to twelve months of incarceration if he entered a guilty plea." Williamson indicated that he understood. The court noted that Williamson also said he understood that entering a guilty plea would waive his right to a jury trial and that he was making this decision voluntarily. Further, Williamson said that he had been able to speak with his attorney about the plea. The trial court noted that Williamson did not allege that the outcome of the case would have been different if his attorney had taken different action. "In sum," concluded the court, "it appears to the Court that Defendant assumed he would be given probation and, when that did not happen, he had a change of heart, which is an insufficient basis for withdrawal of his plea."

{¶ 11} Williamson argues that the trial court abused its discretion in two ways. First,

he contends that the court should have held a hearing to determine if promises had been made to induce his plea. Williamson says that the trial court's statement that he was advised on the possible sentence "irrespective of the promises Defendant claims his attorney and the prosecutor made to him regarding his sentence" suggests the possibility that he may have been promised that he would receive only community control. Second, citing the same statement, Williamson contends that the court was wrong to say that even if a hearing showed that promises were made, it would not have been enough to show that he did not enter his guilty plea knowingly and voluntarily.

{¶ 12} Williamson made several factual statements in three separate pro se filings, all filed on April 8, 2019, none of which were supported by affidavit or other evidentiary material. In the "Notice of Appeal" / "Motion to Withdraw Guilty Plea," he stated that he pleaded guilty under the presumption that he would be sentenced to community control. He further alleged that the trial judge racially discriminated against him. (Williamson is black.) He said that the judge sentenced him based solely on his criminal history and claimed that, in other cases, white defendants who had more felonies were given probation or a shorter sentence. He also claimed that, on the same day he was sentenced, a white female was sentenced on several possession charges to only six months in prison. Finally, Williamson alleged that the judge incorrectly stated that he was not eligible for community control. In his "Docketing Statement" filing, Williamson wrote that his attorney had told him the prosecutor "made a plea offer of (1-5) years on Community Control." Williamson said that he agreed to this and pleaded guilty, but the trial court imposed a prison term. Lastly, in his "Motion for Appointment of Counsel," he stated that he only pled guilty "due to false plea agreements by prosecutor, and his

lawyer." He also said "[t]he record will reflect that the defendant made it known at the sentencing date that a probation promise was given by his attorney." It does not reflect that Williamson made such an assertion.

{¶ 13} When it comes to withdrawing a plea, " '[a] change of heart is not enough,' and a trial court's finding regarding a defendant's true motivation is entitled to deference." *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 10, quoting *State v. Williamson*, 2d Dist. Montgomery No. 21965, 2008-Ohio-4727, ¶ 13. "Defendant's self-serving declarations or affidavits are insufficient to rebut the record on review which shows that his plea was voluntary. The good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." (Citations omitted.) *Current*, 2d Dist. Champaign No. 2010-CA-31, 2012-Ohio-1851, at ¶ 9. The record here supports the trial court's findings that Williamson's guilty plea was voluntary and as to his true motivation for wanting to withdraw his plea. Williamson pleaded guilty in open court with no plea agreement appearing in the record. From the plea form, which Williamson signed, and the trial court's statements during the plea colloquy, which Williamson said he understood, it was clear that he faced the possibility of a prison sentence. We further note that Williamson was not a novice at criminal procedure. The presentence investigation report that the trial court considered at sentencing revealed eight felony convictions and four previous prison sentences. This is a classic situation where Williamson must have either been lying at the time of his trial court acknowledgement or in the motion to withdraw his plea, or both.

{¶ 14} Moreover, in this record there was no evidence that supported any of Williamson's factual allegations. There was no evidence that Williamson's plea was

induced improperly—no evidence of an agreement between Williamson and the state and no evidence of a promise between Williamson and his attorney. The trial court's statement that Williamson cites—"irrespective of the promises Defendant claims his attorney and the prosecutor made to him regarding his sentence"—was not evidence of a promise; rather it implied that the court found no evidence of any promise. And although Williamson stated after sentencing that he wanted "to take [his] guilty plea back," there is nothing in the transcript to support his claim that he made it known at that time that his attorney had promised him probation. Furthermore, we understand the court's point to be that even if such a promise had been made, the court subsequently told Williamson explicitly that prison was a possibility—a possibility that Williamson said he understood. There is no evidence that the trial judge had a racial bias generally or a bias against Williamson specifically. No information about the other cases to which Williamson refers is in the record. Lastly, contrary to Williamson's assertion, the trial judge never stated that he was *ineligible* for community control; the judge said he did not believe that Williamson was "*amenable"* to community control. (Tr. 9).[2]

### III. Conclusion

{¶ 15} Williamson's attempt to withdraw his plea was based on nothing more than his own self-serving, unsworn statements, which were either unsupported or directly contradicted by the record. His contentions were insufficient to rebut the voluntariness of Williamson's plea as shown by the record and did not require a hearing. The court did not abuse its discretion by choosing not to hold a hearing.

---

[2] Parenthetically, we note that if Williamson has any evidence supporting these allegations, it could be more properly presented in a petition for post-conviction relief.

{¶ 16} The sole assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Christopher C. Green
Hon. Dennis J. Adkins