The STATE of Ohio, Appellee,

v.

DAVIS, Appellant.

[Cite as *State v. Davis,* 158 Ohio App.3d 478, 2004-Ohio-5354.]

Court of Appeals of Ohio,
Fourth District, Vinton County.

No. 03CA587.

Decided Sept. 30, 2004.

Trecia Kimes–Brown, Special Prosecuting Attorney, for appellee.

Michael A. Davis, pro se.

KLINE, Presiding Judge.

{¶ 1} Michael A. Davis, an inmate at the Chillicothe Correctional Institution, appeals the judgment of the Vinton County Court of Common Pleas denying his motion to withdraw his guilty plea. Davis asserts that the Ohio Adult Parole Authority ("OAPA") improperly assigned him to an offense category based on crimes charged in the original bill of information that the state had dismissed. Davis argues that the OAPA's actions create a manifest injustice if the guilty plea stands and contends that the trial court abused its discretion by denying his motion to withdraw his plea. Davis also asserts that the trial court abused its discretion by failing to (1) grant an evidentiary hearing on his motion to withdraw the plea and (2) make findings of fact and conclusions of law when ruling on the motion. We find that a Crim.R. 32.1 motion to withdraw a guilty plea is an inappropriate motion under the facts of this case. Davis might have a valid cause of action against the OAPA, but Davis must pursue it by filing either (1) a complaint for declaratory or injunctive relief against the OAPA directly or (2) a complaint for a writ of mandamus. We also hold that (1) the trial court was not required to issue findings of fact and conclusions of law when ruling on the motion and (2) based upon our resolution of Davis's first assignment of error, the question of whether an evidentiary hearing was required is now moot. Accordingly, we affirm the trial court's judgment.

I

{¶ 2} On January 29, 1991, the state charged Davis with three counts of rape involving children under the age of 13. On March 30, 1992, Davis pled guilty to one count of rape under a plea agreement, and the state dismissed the other two counts. The trial court sentenced Davis to prison for 8 to 25 years.

{¶3} The OAPA considered Davis for parole on September 25, 1997, and February 14, 2000. Each time, the OAPA decided to continue Davis's incarceration for an additional five years. However, in its 2000 denial of Davis's parole, the OAPA based its decision on new parole guidelines. Pursuant to the new guidelines, in calculating Davis's offense category, the OAPA considered the two counts of rape the state had dismissed pursuant to the plea bargain. As a result, the OAPA assigned Davis to a higher offense category for purposes of determining parole eligibility than it would have assigned him if it had considered only his offense of conviction.

{¶4} Davis filed a motion to withdraw his guilty plea on December 18, 2001. The trial court denied the motion on November 24, 2003, without holding an evidentiary hearing. The trial court stated in its judgment entry that Davis's plea was intelligent, voluntary, and knowing and implied that Davis should have filed a complaint against the OAPA directly.

{¶5} Davis appeals and raises the following assignments of error: (1) "The trial court abused its discretion and rendered a judgment which is contrary to established precedent." (2) "The trial court abused its discretion when it failed to conduct an evidentiary hearing on the motion."

## II

{¶6} We first consider Davis's assertion that the trial court erred by denying his motion to withdraw his guilty plea. Davis argues that the OAPA's actions violated his plea agreement. According to Davis, a plea agreement is nothing more than a contract between a criminal defendant and the state and any branch or agency of the state government is capable of breaching that contract. Davis contends that if a breach occurs, the trial court must permit a defendant to withdraw his guilty plea because the breach produces a manifest injustice.

{¶7} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of proving the existence of the manifest injustice. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus.

{¶8} The trial court's decision to grant or deny a Crim.R. 32.1 motion rests within its sound discretion. *State v. Jewell*, Meigs App. Nos. 95–CA–18 and 95–CA–19, 1996 WL 537275, citing *Smith*, paragraph two of the syllabus. Our review is limited to a determination of whether the trial court abused its discretion. *State v. Moore*, Pike App. No. 01CA674, 2002-Ohio-5748, 2002 WL 31379868. An abuse of discretion involves more than an error in judgment; it

connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe I* (1990), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 9} In *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, at ¶ 28, the Ohio Supreme Court held that the OAPA breaches a plea agreement when it assigns an inmate an offense-category score based on alleged criminal activity rather than the offense or offenses for which the inmate was convicted. The court held that if the OAPA considered alleged criminal offenses in calculating an offense category score, it denied the inmate meaningful consideration for parole. Id. at ¶ 27. However, the court also stated that the OAPA retains its discretion in granting parole to inmates and may consider "any circumstances relating to the offense or offenses of conviction, including crimes that did not result in conviction, as well as any other factors the APA deems relevant." Id. at ¶ 28, citing *Hemphill v. Ohio Adult Parole Auth.* (1991), 61 Ohio St.3d 385, 386, 575 N.E.2d 148.

{¶ 10} The Third District Court of Appeals applied *Layne* to a motion to withdraw a guilty plea in *State v. Northern*, Allen App. No. 1–01–01, 2003-Ohio-523, 2003 WL 244882, at ¶ 11. In *Northern*, the OAPA used an indicted offense that the state had dismissed pursuant to a plea agreement to calculate the defendant's eligibility score for parole. Id. at ¶ 2–3. Rather than filing for declaratory and injunctive relief against the OAPA, the defendant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Id. at ¶ 4. The trial court denied the motion, and the Third District reversed based on *Layne*. Id. at ¶ 11.

{¶ 11} The Third District is the only appellate court to rely on *Layne* in granting a motion to withdraw a guilty plea. In a similar case, the First District Court of Appeals affirmed a trial court's decision to deny the defendant's motion to withdraw his guilty plea. *State v. Stephens*, Hamilton App. No. C–020683, 2003-Ohio-6193, 2003 WL 22736363. The court stated: "We recognize that [the defendant] may have a claim pursuant to *Layne*, but a Crim.R. 32.1 motion to withdraw his guilty pleas 'is not the appropriate vehicle to challenge the APA's alleged misuse of his parole guidelines.'" Id. at ¶ 7, quoting *State v. Calhoun*, Franklin App. No. 03–AP–16, 2003-Ohio-5080, 2003 WL 22208761, at ¶ 8. Instead, the First District determined that the defendant's proper remedy was declaratory and injunctive relief directly against the OAPA. *Stephens* at ¶ 7; *Hattie v. Anderson*, 68 Ohio St.3d 232, 1994-Ohio-517, 626 N.E.2d 67.

{¶ 12} Other appellate courts have reached similar conclusions. See *State v. Young* (Aug. 18, 2000), Greene App. No. 2000 CA 26, 2000 WL 1162051 (holding

that a motion to withdraw a guilty plea is not the appropriate remedy for a breach of a plea agreement by the OAPA. Instead the appropriate motion is to enforce the plea agreement through an action against the OAPA); *Calhoun,* supra (holding that a defendant is not entitled to withdraw his guilty plea because the OAPA has breached his plea agreement. Instead, the defendant must enforce his plea agreement directly against the OAPA); *State v. Lawhorn,* Cuyahoga App. No. 83623, 2004-Ohio-2852, 2004 WL 1227035 (holding that the OAPA's decision to increase the time a defendant is required to serve in prison does not constitute a breach of a plea agreement. The appropriate vehicle for challenging such a decision is not a Crim.R. 32.1 motion but an action for declaratory judgment and injunctive relief).

{¶ 13} We reject the reasoning of the Third District Court of Appeals in *Northern.* Instead, we adopt the reasoning of the First, Eighth, and Tenth District Courts of Appeals. Here, the trial court did not abuse its discretion by denying Davis's motion to withdraw his guilty plea. Davis chose the wrong "vehicle with which to challenge the OAPA's alleged misuse of its parole guidelines." *Young,* supra. The proper remedy for the breach of his plea agreement is an action for declaratory and injunctive relief directly against the OAPA or a writ of mandamus.

{¶ 14} Accordingly, we overrule Davis's first assignment of error.

### III

{¶ 15} In his second assignment of error, Davis contends that the trial court abused its discretion when it failed to conduct an evidentiary hearing on his Crim.R. 32.1 motion. Davis also asserts that the trial court erred when it failed to support its judgment by stating the findings of fact and conclusions of law supporting its decision.

{¶ 16} A trial court is not required to issue findings of fact and conclusions of law when it rules on a Crim.R. 32.1 motion to withdraw a guilty plea. *State ex rel. Chavis v. Griffin,* 91 Ohio St.3d 50, 2001-Ohio-241, 2001 WL 65919, at ¶ 2. Therefore, the trial court did not abuse its discretion when it failed to issue findings of fact and conclusions of law in this case.

{¶ 17} Moreover, based on our disposition of Davis's first assignment of error, we find that his remaining assignment of error, arguing that an evidentiary hearing was required, is moot. See *State v. Pasturzak,* Scioto App. No. 01CA2822, 2003-Ohio-1085, 2003 WL 929903, citing App.R. 12(A)(1)(c).

{¶ 18} Accordingly, we overrule the second assignment of error.

IV

{¶ 19} In conclusion, we affirm the trial court's judgment denying Davis's motion to withdraw his guilty plea on the basis that it was the improper vehicle by which to challenge the OAPA's alleged breach of his plea bargain. Davis must file an action for declaratory and injunctive relief against the OAPA directly or file a complaint for a writ of mandamus. We also conclude that the trial court did not err by failing to issue findings of fact and conclusions of law with its decision on Davis's motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Our resolution of Davis's first assignment of error renders his second assignment of error regarding the need for an evidentiary hearing moot. Accordingly, we affirm the judgment of the trial court.

Judgment affirmed.

HARSHA and PETER B. ABELE, JJ., concur.