[Cite as *State v. Smith*, 2021-Ohio-4028.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 : CASE NO. 21CA3739

    v.                                  :

CIERA M. SMITH                          : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Scott P. Wood, Lancaster, Ohio for appellant.[1]

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:11-8-21
ABELE, J.

{¶1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The trial court found Ciera M. Smith, defendant below and appellant herein (1) guilty of second-degree aggravated possession of methamphetamine and imposed a prison sentence, and (2) denied her request to withdraw her guilty plea.

{¶2} Appellant assigns the following errors for review:

_____

[1] Different counsel represented appellant during a portion of

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN NOT
ALLOWING APPELLANT TO WITHDRAW HER GUILTY PLEA
PRIOR TO SENTENCING."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN SENTENCING
APPELLANT."

{¶3} On December 6, 2019, a Ross County Grand Jury returned an indictment that charged appellant with one count of aggravated possession of drugs in violation of R.C. 2925.11.

{¶4} On April 20, 2020, appellant agreed to plead guilty to aggravated drug possession as charged in the indictment. At the change of plea hearing, the trial court noted that the state, defense counsel and appellant negotiated the plea, including a two-year minimum sentence, and agreed that the trial court accurately recited the terms of the plea agreement. After the court asked appellant if she understood she would be making a complete admission to the allegations contained in the indictment, she responded affirmatively. The court further asked appellant if she understood that a guilty plea waives her right to a jury trial, her right not to testify against herself, her right to confront witnesses, her right to compulsory process, and her right to require the state to prove her guilt beyond a reasonable doubt.

---

the trial court proceedings.

Appellant responded that she did so understand.

{¶5} The trial court thereupon reviewed the maximum penalty and informed appellant that this offense has (1) a mandatory sentence between two and eight years, and (2) a fine up to $15,000, one-half of which is mandatory. The court also addressed court costs, post-release control and advised appellant that she would not be eligible for judicial release.

{¶6} Defense counsel pointed out that, because of appellant's pregnancy and upcoming due date, appellant may need ongoing medical care arising from pregnancy complications. A discussion then ensued concerning whether appellant should deliver her child before or after entering prison, and whether appellant could be eligible for the prison nursery program. The trial court stated that it would be willing to wait until after the birth to impose sentence because, once it sentenced appellant, "I don't have the ability to even judicial her. I can't do anything * * * I can't modify it." After counsel indicated that he had explained this situation to appellant, the court accepted appellant's guilty plea, but did not immediately schedule a sentencing hearing.

{¶7} On August 20, 2020, appellant, through new counsel, filed a motion to withdraw her guilty plea. In particular, appellant claimed that, because she did not have the ability to review discovery materials until after her plea, her recent review of

discovery materials revealed her co-defendant's admission of ownership of the methamphetamine.  Thus, appellant reasoned, this information provided her with a good faith defense.  Appellant further argued that, at the time she entered her plea, she believed she would enter prison nursery program so that she could be with her child during her incarceration.

{¶8}  On October 13, 2020, the trial court held a hearing to address appellant's motion to withdraw her guilty plea and appellant's sentence.  At the hearing, appellant testified that, when she entered her guilty plea, she had not reviewed her discovery packet because her high-risk pregnancy precluded her from visiting her counsel's office.  Appellant further explained that, after her child's birth, she visited counsel's office, reviewed discovery, and learned that her co-defendant admitted that he owned the drugs.  Consequently, appellant now believed she had a good faith defense and she wished to change her plea.  Appellant also testified that, when she entered her guilty plea, she thought she was "gonna be able to go into the prison nursery program with my child.  I would not have to leave her and then she was born two months early and since I'm now that's not possible."  Appellant claimed that when she entered her plea, she also understood that she would receive two years, but "I could go into a prison nursery program * * * before I had my child and even with the medical stuff

going on * * * that it was fine." Appellant stated that "the only reason I even took the deal [was] because I just didn't want to be separated from my child that is my biggest concern." Appellant did acknowledge, however, that the trial court informed her that acceptance into the prison nursery program was not a certainty, but appellant said, "I thought it was." Appellant also stated that she had been drug-free for two years, sees a psychologist and is married to her baby's father.

{¶9} Appellant also admitted that during her and her co-defendant's 2018 traffic stop, she possessed methamphetamine in her pants. Nevertheless, appellant maintained that the discovery materials proved that she did not own the drugs and that fact would have impacted her decision to plead guilty. Appellant conceded, however, that she could have entered prison, and possibly the prison nursery program, when she pleaded guilty, but she chose not to be sentenced that day. Instead, at her request the trial court twice continued her sentencing hearing.

{¶10} At the motion hearing the state called Attorney Matthew O'Leary to testify. O'Leary represented appellant at her December 23, 2019 arraignment. He also stated that he received all of the discovery materials. Although O'Leary recalled that appellant had several medical appointments related to her high-risk pregnancy and that this fact made meetings at his office difficult, he stated,

we had discussed extensively the nature of the discovery both prior to that plea. I think one of the initial appointments in the office * * * where I did have the discovery and then throughout that case over the phone, over email um, again a large portion being, I could not physically provide her copies because I am unable to do that and I know that was communicated in writing via email.

O'Leary further testified that appellant visited his office in mid-July and reviewed documents and portions of a video. O'Leary also recalled the April 20, 2020 change of plea hearing and appellant's guilty plea.

**{¶11}** Additionally, at the motion hearing the trial court asked whether appellant's substitute counsel had received discovery. When the court learned that he had not, the court continued the hearing so that new counsel could have an opportunity to review the discovery materials. The court stated:

My notes from all of the pre-trials in this. The first one was the defendant said, 'not her dope.' She would be willing to plea to an F3. She indicated, or no, in chambers she argued it was her boyfriend's dope. She was given a week then to file motions and then we started discussing moving the case in to April and that sort of thing. So, I was at least a prior to then that was what she was saying and I tend to, I get your argument if there is something in the discovery that indicates that her boyfriend had said 'it was mine.' If you believe she didn't know that, then yes that would be a significant factor. So, that's what I kind of would like to know is whether discovery actually said, makes those statements.

The trial court then continued the hearing to allow appellant's counsel time to review the discovery materials and determine

whether the co-defendant's statement concerning the ownership of the methamphetamine appeared in those materials.

{¶12} Subsequently, counsel reviewed the discovery materials, including a video, and the co-defendant stated that he owned the drugs. Concerning appellant's contention that she pleaded guilty based on her belief that she could be with her child during her incarceration, the trial court observed that the court informed appellant at her plea hearing that, although that could be the ideal situation, the court could not promise that would actually occur.

{¶13} Consequently, concerning appellant's contention that when she entered her guilty plea she did not have the opportunity to review discovery materials and that she did not know about her co-defendant's admission, the trial court concluded:

> Quite frankly, I believe she was aware that he made those statements and that in fact that was her defense the entire of that, it wasn't hers or difficulty, it clearly was, it was on her person. And two people can obviously possess one item. As such it sounds more like buyer's remorse than it does anything else. So, I'm going to deny the motion to withdraw plea.

{¶14} Therefore, the trial court (1) overruled appellant's motion to withdraw her guilty plea, (2) sentenced her to serve an indefinite prison term of two to three years of mandatory time, (3) imposed a mandatory $7,500 fine, and (4) imposed a three-year mandatory post-release control term, and (5) denied appellant's

motion to stay execution of sentence pending appeal.  This appeal followed.

I.

{¶15} In her first assignment of error, appellant asserts that the trial court's denial of her motion to withdraw her guilty plea constitutes an abuse of discretion.  In particular, appellant contends that when she entered her guilty plea, she did not know that her co-defendant had admitted that he owned the methamphetamine found on her person.

{¶16} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  "While trial courts should 'freely and liberally' grant a presentence motion to withdraw a guilty plea, a defendant does not 'have an absolute right to withdraw a guilty plea prior to sentencing.'"  *State v. Howard*, 2017-Ohio-9392, 103 N.E.3d 108, ¶ 21 (4th Dist.), quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  Instead, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."  *Xie* at paragraph one of the syllabus; *Howard*, *supra*.

ROSS, 21CA3739

{¶17} While a trial court may possess discretion to determine whether to grant or to deny a presentence motion to withdraw a guilty plea, the court does not have the discretion to determine if a hearing is required. *Howard* at ¶ 22, citing *State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, ¶ 15. Furthermore, because a trial court has broad discretion to grant or to deny a presentence motion to withdraw a plea, an appellate court will not reverse a court's decision absent an abuse of discretion. *State v. Delaney,* 4th Dist. Jackson No. 19CA9, 2020-Ohio-7036, ¶ 19, citing *State v. Brown,* 4th Dist. Ross No. 16CA3544, 2017-Ohio-2647 at ¶ 11, citing *Xie* at ¶ 2 of the syllabus. "The term 'abuse of discretion' implies that the court's attitude is unreasonable, unconscionable, or arbitrary." *Brown* at ¶ 12, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶18} Courts have identified nine factors that appellate courts should consider when reviewing a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea:

> (1) whether "highly competent counsel" represented the defendant; (2) whether the trial court afforded the defendant "a full Crim.R. 11 hearing before entering the plea"; (3) whether the trial court held "a full hearing" regarding the defendant's motion to withdraw; (4) "whether the trial court gave full and fair consideration to the motion"; (5) whether the defendant filed the motion within a reasonable time; (6) whether the defendant's motion gave specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges, the possible penalties, and the

consequences of his [or her] plea; (8) whether the defendant is "perhaps not guilty or ha[s] a complete defense to the charges"; and (9) whether permitting the defendant to withdraw his [or her] plea will prejudice the state.

*Howard* at ¶ 24, citing *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001), citing *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist. 1980). This list is "non-exhaustive" and "'[c]onsideration of the factors is a balancing test, and no one factor is conclusive.'" *State v. Ganguly*, 2015-Ohio-845, 29 N.E.3d 375, ¶ 14 (10th Dist.), citing *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 13. Thus, the ultimate question is whether a "reasonable and legitimate basis for the withdrawal of the plea." *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715. "A mere change of heart is not a legitimate and reasonable basis for the withdrawal of a plea." *Howard* at ¶ 24, citing *State v. Campbell*, 4th Dist. Athens No. 8CA31, 2009-Ohio-4992, ¶ 7, *State v. Harmon*, 4th Dist. Pickaway No. 4CA22, 2005-Ohio-1974, ¶ 22; *Delaney* at ¶ 21.

**{¶19}** Although appellant points to the nine-factor test highlighted above, she does not appear to apply all of the test factors to her particular case. Instead, appellant submits that she believes that she had a reasonable and legitimate basis to withdraw her plea, namely, that before her plea she did not have the opportunity to review discovery materials, but after her

review, she learned that her co-defendant had admitted ownership of the drugs. This, appellant argues, supports her defense that the drugs were "thrown at her" during the traffic stop. We begin our analysis with a review of the nine court-recognized factors.

1

Highly Competent Counsel

{¶20} Courts begin with the presumption that a defendant had competent counsel. *Delaney* at ¶ 25, citing *State v. Shifflet*, 2015-Ohio-4250, 44 N.E.3d 966, ¶ 37 (4th Dist.). Further, as we also noted in *Delaney*, appellant in the case sub judice did not raise an ineffective assistance of counsel claim. The state, however, called appellant's plea counsel as a witness and he testified that he met with appellant several times before her guilty plea.

{¶21} Our review of the record reveals that appellant's plea counsel requested, and received, the discovery materials. Finally, at the plea hearing the trial court asked appellant if she was satisfied with the "advice [and] counsel of your attorney" to which appellant replied, "yes."

{¶22} Thus, we believe the first factor weighs in appellee's favor.

2

## Crim.R. 11 Hearing

**{¶23}** Appellant takes no issue with the requirement that she receive a full Crim.R. 11 hearing.  The April 20, 2020 hearing transcript reveals that the trial court afforded appellant a full Crim.R. 11 hearing before it accepted her guilty plea. Additionally, the court engaged in the appropriate colloquy with appellant to ensure that she understood the constitutional and non-constitutional implications of her guilty plea.

**{¶24}** Thus, we believe the second factor weighs in appellee's favor.

3

## Full Hearing

**{¶25}** The third factor asks whether appellant received a full and meaningful hearing on her motion to withdraw her plea. As indicated above, although a trial court may possess discretion to determine whether to grant or to deny a presentence motion to withdraw a guilty plea, the court does not have discretion to determine if a hearing is required.  *Howard* at ¶ 22; *see also Wolfson* at ¶ 15, *Harmon* at ¶ 17.  Instead, a court has a mandatory duty to hold a hearing to consider a presentence motion to withdraw a guilty plea.  *Xie* at paragraph one of the syllabus; *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 50;

*State v. Burchett*, 4th Dist. Scioto No. 11CA3445, 2013-Ohio-1815, ¶ 13; *Wolfson* at ¶ 15.  In *Wolfson*, we explained that, although a trial court "must afford the defendant meaningful notice and a meaningful opportunity to be heard," the court nonetheless retains discretion to define the scope of the hearing to "reflect the substantive merits of the motion."  *Wolfson* at ¶ 16.

{¶26} In the case sub judice, the trial court held a hearing on appellant's motion.  The court heard testimony from appellant, as well as her plea counsel.  In fact, the court reconvened on a second date to allow appellant's counsel, after having an opportunity to review discovery, to present any additional testimony or argument.

{¶27} Thus, we believe that this factor weighs in appellee's favor.

4

Full and Fair Consideration

{¶28} The fourth factor examines whether a trial court fully and fairly considered the motion to withdraw a guilty plea.  As noted above, the record in this case reveals that the trial court gave full and fair consideration to appellant's motion.  For example, on October 13, 2020 the trial court held a hearing and heard testimony from appellant and her plea counsel.  In addition,

the court continued the hearing to allow new counsel to adequately review discovery.

{¶29} Thus, we believe the fourth factor weighs in appellee's favor.


5

Reasonable Time

{¶30} The fifth factor asks whether the appellant requested to withdraw the plea within a reasonable time.  In the case sub judice, appellant filed her motion four months after her plea and eight months after prior counsel received discovery.  Also, appellee points out that appellant received two continuances of her sentencing date before she filed her motion to withdraw her plea. This is not unreasonable, in view of the fact that appellant's new counsel needed time to review and prepare the case.  Thus, four months elapsed between appellant's guilty plea and her request to withdraw her plea.

{¶31} Based on the foregoing, we believe that appellant filed her motion within a reasonable time and the fifth factor weighs in appellant's favor.

6

## Specific Reasons for Withdrawal

**{¶32}** The sixth factor asks whether the appellant sufficiently outlined specific reasons for her plea withdrawal request.  Here, appellant's motion asserted that she would not have pleaded guilty if (1) she could have reviewed discovery materials, and (2) she would have known that she would not be admitted into the prison nursery program.  However, with respect to the alleged merits of the prison nursery program, we conclude that, although appellant cites a specific reason for her motion, this reason lacks merit. As the trial court aptly pointed out, the court could not guarantee appellant's acceptance into that program.  We will address the discovery issue under our discussion of the eighth factor.

**{¶33}** Consequently, this factor weighs in appellee's favor.

7

## Nature of the Charges and the Possible Penalties

**{¶34}** The seventh factor asks whether the appellant understood the nature of the charges and possible penalties.  In the case at bar, the trial court conducted a thorough Crim.R. 11 plea hearing. The court asked appellant if she understood her plea and its

consequences, to which appellant replied that she did.  Further, as appellee points out, appellant did not indicate at either hearing on her motion that she did not understand the consequences of her plea or the possible penalties.

**{¶35}** Thus, we believe this factor weighs in appellee's favor.

8

Possible Defenses or Innocence

**{¶36}** The eighth factor asks us to examine whether appellant had possible defenses to the charge.  "In weighing [this] factor, 'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'"  *State v. Davis*, 5th Dist. Richland No. 15CA6, 2015-Ohio-5196, ¶ 19, quoting *State v. Davison,* 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45.  As noted in *Harmon*, a mere change of heart is not a reasonable basis for a defendant to withdraw a guilty plea.  *Harmon* at ¶ 33; see also *Sarver* at ¶ 44; *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).  However, in this inquiry "the balancing test only asks whether the defendant has *possible* defenses.  Whether the appellant will be successful in those defenses is for a jury to decide."  *State v. Jones*, 10th Dist. Franklin No. 15AP-530, 2016-Ohio-951, ¶

ROSS, 21CA3739

10; *Harmon* at ¶ 33.

{¶37} This factor encapsulates the crux of appellant's argument in the case sub judice. Appellant argues that, at the time of her plea, she did not know about her co-defendant's statement concerning his ownership of the methamphetamine.

{¶38} Appellee, however, points out that appellant actually made this argument at the time of her guilty plea - that she was only "holding" the methamphetamine. Appellee further points out that the testimony adduced at the motion hearing showed that, although appellant may not have personally read the discovery materials before she entered her plea, her attorney fully informed her about the nature of the discovery. In addition, appellee notes that appellant admitted to officers that she knew the identity of the substance that she had concealed in her pants. Thus, appellee argues that appellant has, and had, no defense to the charge.

{¶39} As the trial court indicated, two or more persons may have joint constructive possession of the same object. *State v. Brown,* 4th Dist. Athens No. 09CA3, 2009-Ohio-5390, ¶ 19, citing *State v. Riggs* (Sept. 13, 1999), Washington No. 98CA39, 1999 WL 727952, at *4; *State v. Cole,* 2d Dist. Montgomery No. 26576, 2015-Ohio-5295, ¶ 34. Further, appellant admitted that she possessed the methamphetamine. Additionally, as the trial court points out,

the evidence reveals that appellant knew about the ownership issue at the time she entered her guilty plea,

**{¶40}** Thus, we believe this factor weighs in appellee's favor.

9

Prejudice to the State

**{¶41}** The final factor asks us to examine whether the withdrawal of appellant's plea would prejudice appellee. The state opposed the motion and argues, in addition to the general contention that over time memories fade and witnesses relocate, this case is over three years old and the chemist has retired from the lab, which would require the state to make special arrangements. Thus, appellee argues that the state will suffer prejudice if appellant is permitted to withdraw her plea.

**{¶42}** While the record does not indicate why it took eight months for the state to obtain lab results, and why it took nine more months for the grand jury to consider appellant's case, we acknowledge that the state would suffer some degree of prejudice if appellant withdraws her plea three years after the offense occurred.

**{¶43}** Thus, we believe this factor weighs in appellee's favor.

Conclusion

**{¶44}** After our review in the case sub judice, we agree with the trial court's conclusion that under these circumstances appellant's attempt to withdraw her guilty plea amounts to "buyer's remorse," or a change of heart, neither of which constitutes a legitimate basis to grant a pre-sentence motion to withdraw a plea. *State v. Palmer,* 4th Dist. Highland No. 02CA9, 2002-Ohio-6345, ¶ 6; *Sarver* at ¶ 44; *Harmon* at ¶ 36. After our review of the various factors that courts use to evaluate whether a motion to withdraw a plea should be granted, we believe that the factors weigh heavily in appellee's favor. Thus, we believe that the trial court acted properly and reasonably and its denial of appellant's motion to withdraw her guilty plea does not constitute an abuse of discretion.

**{¶45}** Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II.

**{¶46}** In her second assignment of error, appellant asserts that

the trial court erred when it imposed an indefinite sentence pursuant to R.C. 2929.14(A)(2)(a) when, instead, it should have imposed a definite sentence under R.C. 2929.14(A)(2)(b).

**{¶47}** R.C. 2953.08 provides for appeals based on felony sentencing guidelines. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either "that the record does not support the sentencing court's findings" under the specified statutory provisions, or "the sentence is otherwise contrary to law." *State v. Watson,* 4th Dist. Meigs No. 18CA20 & 18CA21, 2019-Ohio-4385, ¶ 11, quoting *State v. Mitchell*, 4th Dist. Meigs No. 13CA13, 2015-Ohio-1132, ¶ 11; *State v. Brewer*, 4th Dist. Meigs No. 14CA1, 2014-Ohio-1903, at ¶ 37.

**{¶48}** Appellant committed her offense on July 28, 2018 and the grand jury returned an indictment on December 6, 2019. The trial court sentenced appellant under the Reagan Tokes Act, which became effective March 22, 2019. Here, appellant argues, and appellee concedes, that appellant should have been sentenced under the former sentencing guidelines. Thus, appellant should be sentenced under the proper statute.

**{¶49}** Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error.

III.

**{¶50}** Therefore, based upon the foregoing reasons (1) we affirm the trial court's judgment concerning the denial of appellant's motion to withdraw her plea, and (2) reverse the sentence that the trial court imposed and remand this matter for re-sentencing.

JUDGMENT AFFIRMED, IN PART,
REVERSED, IN PART,
CONSISTENT WITH THIS
OPINION, AND MATTER
REMANDED FOR RESENTENCING.

ROSS, 21CA3739

JUDGMENT ENTRY

It is ordered that the judgment be affirmed, in part, and reversed, in part, consistent with this opinion.  We remand this matter for re-sentencing.  Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
    Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.