[Cite as *State v. Brown*, 2022-Ohio-4197.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 21CA3758 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| JAMARR E. BROWN, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 11/17/2022** |

APPEARANCES:

Jamarr E. Brown, Appellant, Pro Se.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

Wilkin, J.

{¶1} This is an appeal by appellant Jamarr E. Brown ("Brown) of his criminal conviction in the Ross County Court of Common Pleas. Appellee, the state of Ohio ("state") has filed a brief in opposition.

{¶2} Brown asserts four assignments of error: (1) "It was prejudicial error in violation of the defendant-appellant's Absolute right to procedural due process of law as guaranteed by the 14th Amendment to the U.S. Constitution as well as Article I Section 16, Ohio Constitution for the trial court to dismiss the application to withdraw without the court making and filing written findings of facts and conclusions of law relative its decision to overrule the motion to withdraw plea which effectively a warranted the appellee a summary judgment[,]" (2) "It was prejudicial error in violation of the appellant's absolute right to procedural Due

process of law for the trial court to sua sponte grant the State of Ohio the equivalent of a summary judgment even though the State never appeared in the case in violation of the appellant right as guaranteed by the 14th Amendment to the U.S. Constitution as well as Under Article I, Section 16, Ohio Constitution[,]" (3) "The trial court erred and abused its discretion and violated the appellant's absolute right to procedural due process of law where the court failed to give the motion to withdraw plea its due consideration in violation of the 14th Amendment to the U.S. Constitution as well as Article I, Section 16, Ohio Constitution [,]" and (4) "It was plain and prejudicial error for the trial court below not to Grant the appellant relief in the case where the record is clear that the appellant arrest and prosecution was illegally obtained and contrary to clearly established federal constitutional law as determined by the U.S. Supreme Court and the result of defense counsel's ineffectiveness."

{¶3} In response, the state asserts: (1) the trial court is not required to issue findings of fact and conclusions of law when addressing post-sentence motions to withdraw guilty pleas according to Crim.R. 32.1, (2) when the defendant files a motion to withdraw a plea post-sentencing, the state is not required to respond and contest it – it is the defendant's burden to show that a manifest injustice has occurred, (3) the trial court did not abuse its discretion when it entered a ruling without a hearing on this post-sentence motion to withdraw plea, and (4) Brown's motion to withdraw guilty plea is barred by the doctrine of res judicata, and he did not establish a manifest injustice occurred in his trial proceedings.

{¶4} After our review of the party's arguments, the record, and the applicable law, we find that the trial court did not abuse its discretion in denying Brown's motion to withdraw his plea.  Therefore, we affirm the trial court's judgment.

BACKGROUND

{¶5} On July 12, 2019, the state charged Brown with eight criminal counts that included (1) two counts of having a weapon while under a disability in violation of R.C. 2923.13, third-degree felonies; (2) one count of possession of heroin in violation of R.C. 2925.11, a first-degree felony; (3) two counts of aggravated possession of drugs in violation of 2925.11, third and fifth-degree felonies; (4) one count of trafficking in heroin in violation of R.C. 2925.03, a first-degree felony; and (5) two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, third and fifth-degree felonies.

{¶6} On February 6, 2020, the trial court held a plea hearing during which the court engaged in a Crim.R. 11 colloquy with Brown advising him of the constitutional rights he was waiving in pleading guilty to all eight counts, and confirmed that his plea was knowing, intelligent and voluntary.  Brown signed a plea agreement acknowledging the same.  At sentencing the court merged: (1) counts three and six (possession of heroin and trafficking in heroin), (2) counts four and seven (aggravated possession of drugs and aggravated trafficking in drugs), (3) counts five and eight (aggravated possession of drugs and aggravated trafficking in drugs).  The court then sentenced Brown as follows: Counts One and Two, 36 months; Count Three, mandatory four years; Count

Four, twelve months; and Count Five, 36 months.  Counts One, Two and Five were to be served concurrently to each other and consecutively to Counts Three and Four.

{¶7} On June 28, 2021, Brown filed a motion to withdraw his guilty plea purporting that his plea was not knowing, voluntary, or intelligent because his counsel did not did not file a motion to suppress and should have requested "summary dismissal based on the insufficiency of evidence[.]" On September 27, 2021, the trial court issued an entry denying Brown's motion without holding an evidentiary hearing.  It is this judgment that Brown appeals.

ASSIGNMENTS OF ERROR

I.     IT WAS PREJUDICIAL ERROR IN VIOLATION OF THE DEFENDANT-APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AS WELL AS ARTICLE I SECTION 16, OHIO CONSTITUTION FOR THE TRIAL COURT TO DISMISS THE APPLICATION TO WITHDRAW WITHOUT THE COURT MAKING AND FILING WRITTEN FINDINGS OF FACTS AND CONCLUSIONS OF LAW RELATIVE ITS DECISION TO OVERRULE THE MOTION TO WITHDRAW PLEA WHICH EFFECTIVELY A WARRANTED THE APPELLEE SUMMARY JUDGEMENT

II.    IT WAS PREJUDICIAL ERROR IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW FOR THE TRIAL COURT TO SUA SPONTE GRANT THE STATE OF OHIO THE EQUIVALENT OF A SUMMARY JUDGMENT EVEN THOUGH THE STATE NEVER APPEARED IN THE CASE IN VIOLATION OF THE APPELLANT RIGHT AS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AS WELL AS UNDER ARTICLE I, SECTION 16, OHIO CONSTITUTION

III.   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND VIOLATED THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW WHERE THE COURT FAILED TO GIVE THE MOTION TO WITHDRAW PLEA ITS DUE CONSIDERATION IN VIOLATION OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AS WELL AS ARTICLE I, SECTION 16, OHIO CONSTITUTION

IV.    IT WAS PLAIN AND PREJUDICIAL ERROR FOR THE TRIAL COURT BELOW NOT TO GRANT THE APPELLANT RELIEF IN THE CASE WHERE THE RECORD IS CLEAR THAT THE APPELLANT ARREST AND PROSECUTION WAS ILLEGALLY OBTAINED AND CONTRARY TO CLEARLY ESTABLISHED FEDERAL CONSTITUTIONAL LAW AS DETERMINED BY THE U.S. SUPREME COURT AND THE RESULT OF DEFENSE COUNSEL'S INEFFECTIVENESS.

A.  Standard of Review

**{¶8}** "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard."  *State v. Francis*, 104 Ohio St. 3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus (deciding a post-sentence motion to withdraw a guilty plea is within the trial court's discretion); *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, (1992), paragraph two of the syllabus (deciding a presentence motion to withdraw a guilty plea is within the trial court's discretion).  The Supreme Court has defined " 'abuse of discretion' as an 'unreasonable, arbitrary, or unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken.' "  *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.  " 'Abuse of discretion' has been described as including a ruling that lacks a 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

## B. Crim.R. 32.1

**{¶9}** Crim R. 32.1 distinguishes between a motion to withdraw a guilty plea filed prior to sentencing, and one filed after sentencing.

### 1. Pre-sentence Motion to Withdraw a Plea

**{¶10}** " ' "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." ' " *State v. Lester*, 4th Dist. Vinton No. 12CA689, 2013-Ohio-2485, quoting *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, quoting *Xie* at 527. When presented with a presentence motion to withdraw a guilty plea, the "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea**.**" *State v. Davis*, 4th Dist. Lawrence No. 05CA9, 2005-Ohio-5015, ¶ 9, citing *Xie* at 527.

### 2. Post-Sentence Motion to Withdraw Plea

**{¶11}** However, a "defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Straley*, 159 Ohio St. 3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261,361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Smith*, 4th Dist. Ross No. 21CA3739, 2021-Ohio-4028, ¶ 16. "A 'manifest injustice' is defined as a clear or openly unjust act. *Straley* at ¶ 14, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). It "relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." *Id.*, citing *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st

Dist.), citing *Kreiner* at 208, 699 N.E.2d 83 and *Smith* at 264, 361 N.E.2d 1324. While manifest injustice has been described under various circumstances, it is permissible as grounds to withdraw a post-sentence motion to withdraw a plea "only in extraordinary cases." *Id.*, quoting *Smith* at 264, 361 N.E.2d 1324. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St. 3d 66, 67, 477 N.E.2d 627 (1985), citing *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980), quoting *Kadwell v. United States*, 315 F.2d 667 (C.A.9 1963).

**{¶12}** Moreover, "[this court], along with other districts, have held that a defendant also cannot establish the manifest injustice required under Crim.R. 32.1 to withdraw a plea where he could have sought redress for the alleged error through another application reasonably available to him[,]" including a direct appeal of a criminal conviction. *State v. Mitchem*, 4th Dist. Jackson Nos. 19CA10, 19CA11, 2020-Ohio-1080, ¶ 16, citing *State v. Ables*, 4th Dist. Pickaway No. 11CA22, 2012-Ohio-3377, ¶ 12; *State v. Current*, 2d Dist. Champaign No. 2010 CA 31, 2012-Ohio-1851, ¶ 7.

**{¶13}** Finally, "[a] trial court is not always required to conduct an evidentiary hearing when presented with a post-sentence motion to withdraw a guilty plea." *State v. Vincent*, 4th Dist. Ross No. 3CA2713, 2003-Ohio-3998, ¶ 10, citing *State v. Nathan*, 99 Ohio App.3d 722, 651 N.E.2d 1044 (3d Dist. 1995); *State v. Woods,* 8th Dist. Cuyahoga No. 82120, 2003-Ohio-2475*; State v. Jacobson,* 4th Dist. Adams No. 01CA730, 2003-Ohio-1201*; State v. Moore,* 4th

Dist. Pike No. 01CA674, 2002-Ohio-5748. "Instead, a trial court need only conduct an evidentiary hearing when the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." *Id.*, citing *Nathan; Jacobson.*

### 3. Res Judicata

**{¶14}** *Straley* also recognized that "[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." 159 Ohio St. 3d 82, at ¶ 14, citing *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *State v. Pemberton*, 4th Gallia No. 10CA4, Dist. 2011-Ohio-373, ¶ 19. Similarly, "[a] claim of ineffective assistance of counsel is * * * waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea." *State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 26, quoting *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 26.

### FIRST ASSIGNMENT OF ERROR

**{¶15}** Brown contends that the trial court erred in failing to issue findings of fact and conclusions of law pertaining to its judgment denying his motion to withdraw his plea.

**{¶16}** It is well settled that "[a] trial court is not required to issue findings of fact and conclusions of law when it rules on a Crim.R. 32.1 motion to withdraw a guilty plea." *State v. Davis*, 158 Ohio App. 3d 478, 2004-Ohio-5354, 816 N.E.2d 1102, ¶ 16 (4th Dist.), citing *State ex rel. Chavis v. Griffin,* 91 Ohio St.3d 50,

2001-Ohio-241, 741 N.E.2d 130, ¶ 2.  Therefore, the trial court did not abuse its discretion when it failed to issue findings of fact and conclusions of law regarding its judgment in this case.

{¶17} Accordingly, we overrule Brown's first assignment of error.

SECOND ASSIGNMENT OF ERROR

{¶18} In his second assignment of error, Brown alleges that the trial court violated his procedural due process rights by denying his motion to withdraw because the state "did not appear" in the case.

{¶19} As a party to this case, the state had the right to respond to Brown's motion to withdraw, but there is no authority that compels the state to file a response.  As we noted supra, the defendant has the burden to show that the denial of his motion to withdraw his plea caused him to suffer a manifest injustice.  *Straley*, 159 Ohio St. 3d 82, 2019-Ohio-5206, 147 N.E.3d 623,  ¶ 14. The state's failure to respond did not alleviate Brown's burden in this regard. Therefore, the trial court did not abuse its discretion in ruling on Brown's motion to withdraw merely because the state never filed a response.

{¶20} Accordingly, we overrule Brown's second assignment of error.

THIRD AND FOURTH ASSIGNMENTS OF ERROR

{¶21} Because they are related, we address Brown's third and fourth assignments together.  In his third assignment of error, Brown argues that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea.  And in his fourth assignment of error, he maintains that the trial court abused its discretion in denying his motion to

withdraw his plea.  More specifically, Brown maintains that his counsel was ineffective for not filing a motion to suppress evidence, and instead advised him to plead guilty.

**{¶22}** " ' "[A] guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea." ' " *State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 45, quoting *State v. Neu,* 4th Dist. Adams No. 12CA942, 2013-Ohio-616, ¶ 13, quoting *State v. Patterson,* 5th Dist. Muskingum No. CT2012–0029, 2012–Ohio–5600, ¶ 30.  "Consequently, a defendant who voluntarily, knowingly, and intelligently admits 'in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' " (ellipses sic.) *State v. Howard*, 2017-Ohio-9392, 103 N.E.3d 108, (4th Dist.) ¶ 69, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  Therefore, "Ohio courts routinely hold that a guilty plea waives the right to challenge on appeal a trial court's decision denying a motion to suppress evidence." *Id.*, at ¶ 70, citing *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55; *State v. Crawford*, 2d Dist. Montgomery No. 27046, 2017-Ohio-308, ¶ 9; *State v. Spangler*, 4th Dist. Lawrence No. 16CA4, 2016-Ohio-8583, ¶ 16-17; *State v. Beasley*, 2016-Ohio-1603, 49 N.E.3d 378, ¶ 7 (1st Dist.).

**{¶23}** Because the record indicates that Brown's plea is knowingly, voluntarily, and intelligently, he has waived his right to challenge his counsel's

effectiveness for failing to file a motion to suppress, which was the basis of his motion to withdraw his plea. Consequently, the trial court's denial of Brown's motion to withdraw his plea did not cause a "fundamental flaw in the plea proceedings resulting in a miscarriage of justice," i.e., it did not cause Brown to suffer a "manifest injustice." *Straley* at ¶ 14. Therefore, we hold that the trial court did not abuse its discretion by denying Brown's motion to withdraw his plea, or by doing so without holding a hearing.

{¶24} Moreover, Brown could have raised the effectiveness of his trial counsel in a direct appeal of his plea agreement, but failed to do so. Therefore, res judicata also bars our consideration of his appeal herein challenging the trial court's denial of his motion to withdraw his plea. *See Straley* at ¶ 14.

{¶25} Accordingly, we overrule Brown's third and fourth assignments of error.

CONCLUSION

{¶26} Having overruled all four of Brown's assignments of error, we affirm the trial court's judgment entry denying his motion to withdraw his plea.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**